**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**STEARNS POOR and
PHILLIP RODER, on behalf
of themselves and all others
similarly situated,**

     **Plaintiffs,**

**v.**                     **Case No.:**

**TAMPA SPORTS AUTHORITY,**

     **Defendant.**

_____/

**<u>CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL</u>**

Plaintiffs, STEARNS POOR and PHILLIP RODER ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through undersigned counsel, bring this action against Defendant, TAMPA SPORTS AUTHORITY ("Defendant" or "TSA"), and in support thereof states as follows:

**<u>NATURE OF THE LAWSUIT</u>**

1.     This is a class action complaint for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 <u>et</u> <u>seq.</u>, and for violations of the Florida Constitution, Article X, Section 24, as well as the Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448.110.

2.      Plaintiffs bring this collective action to recover the unpaid wages owed to them and all other similarly situated employees, current and former, of Defendant who worked in Florida, at any time during the three year period before this Complaint was filed up to the present ("Class Members"). These Class Members should be informed of the pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

3.      Plaintiffs complain on behalf of themselves, and a class of other similarly situated current and former employees of the Defendant, pursuant to Fed.R.Civ.P.23, alleging they are entitled to back wages from Defendant for hours/weeks of work for which they did not receive at least the Florida minimum wage, in violation of Article X, Section 24 of the Florida Constitution ("Florida Minimum Wage Claims").

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq*. Exercise of supplemental jurisdiction over Plaintiffs' state law claims is appropriate under 28 U.S.C. § 1367(c).

5.      This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

6.     This Court has jurisdiction over the Florida Minimum Wage Act Claims pursuant to 28 U.S.C. §1367, because the acts and omissions that give rise to Plaintiffs' FLSA claims are the same acts and omissions that give rise to Plaintiffs' Florida Minimum Wage Act Claims.

7.     Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

## **PARTIES**

8.     Plaintiff, POOR, lives in Hillsborough County, Florida and he worked for Defendant in Tampa, in Hillsborough County during the relevant time period.

9.     Plaintiff, RODER, lives in Albany, Georgia; however, he worked for Defendant in Tampa, in Hillsborough County during the relevant time period.

10.     Defendant TAMPA SPORTS AUTHORITY is a public agency and manages three (3) public golf course located in Tampa, in Hillsborough County, Florida – Babe Zaharias Golf Course, Rocky Point Golf Course, and Rogers Park Golf Course.

11. Each golf course is owned and operated by Defendant as a commercial enterprise, hired volunteers in the exact same manner, required volunteers to work a certain amount of hours per week, compensated all golf course volunteers with discounted golf privileges, and did not pay the volunteers any wages.

12. Defendant hired Plaintiffs to work as "volunteers" at Babe Zaharias Golf Course in Tampa, Florida.

13. The Class Members are all of Defendant's current and former golf course volunteers who worked for Defendant at Babe Zaharias Golf Course, Rocky Point Golf Course, and Rogers Park Golf Course at any time during the applicable limitations period prior to the filing of this Complaint up to the present.

## **FLSA COVERAGE**

14. In an FLSA case, the following elements must be met. "(1) [Plaintiff] is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay [Plaintiff] minimum or overtime wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012) *cert. denied,* 134 S. Ct. 62, (U.S. 2013).

15.     At all times material hereto, Plaintiffs and all similarly situated individuals were, at all times relevant to this Complaint, suffered or permitted to work for Defendant, a public agency of the State of Florida, and were therefore employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(2)(C).

16.     At all times material hereto, Plaintiffs were "employees" of Defendant within the meaning of the FLSA.

17.     At all times material hereto, Defendant was an "employer" within the meaning of the FLSA.

18.     Defendant continues to be an "employer" within the meaning of the FLSA.

19.     At all times material hereto, Defendant was, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA because Defendant is an activity of a public agency.

20.     At all times material hereto, the annual gross sales volume of Defendant exceeded $500,000 per year.  Thus, Defendant was an enterprise covered by the FLSA under 29 U.S.C. §§ 203(r) and 203(s).

21.     At all times material hereto, the work performed by Plaintiffs was integral and essential to the business performed by Defendants.

22.     Plaintiffs have satisfied all conditions precedent, or they have been waived.

23.     Plaintiffs hired the undersigned attorneys and agreed to pay them a fee.

24.     Plaintiffs request a jury trial for all issues so triable.

## **FACTS**

25.     Plaintiff POOR worked for Defendant from on or around June 2006 until on or around March 7, 2020, as a "volunteer."

26.     Plaintiff RODER worked for Defendant from in or around October 2012 until on or around February 28, 2019, as a "volunteer."

27.     Plaintiffs POOR and RODER both performed services for Defendant at Babe Zaharias Golf Course.

28.     Plaintiffs POOR and RODER worked as starters and rangers at Babe Zaharias Golf Course, and they were also required to performance maintenance duties in addition to their duties and starters/rangers.

29.     Until in or around October 2014, Plaintiff POOR was paid for his services.   However, in August of 2014, Plaintiff POOR was informed by Defendant's manager, Paul Eddleson, that starting in October 2014, all starters and rangers at Defendant's golf courses would no longer be paid for their services and would instead be classified as "volunteers."   Plaintiff POOR was told that for every four hours they worked each week, they would be entitled to one round of golf at the course at a discounted price.   This pay practice applied to all three of Defendant's golf courses.   Notably, the job duties of the "volunteers" did not change.

30.     Plaintiff POOR already received discounted golf rounds from Defendant because he was considered a "vested employee" due to his tenure working for Defendant.

31.     At all times material hereto, Plaintiffs worked hours at the direction of Defendant, and Plaintiffs were not paid at least the applicable FLSA minimum wage for all of the hours that he worked.

32.     At all times material hereto, Plaintiffs worked hours at the direction of Defendant, and Plaintiffs were not paid at least the applicable State of Florida minimum wage for all of the hours that they worked, in accordance with the Florida State Constitution and the FMWA.

33.     The golf volunteers at Defendant's golf courses are vital and necessary to the operation of Defendant's business.

34.     Defendant's golf courses are commercial enterprises that compete with many non-publicly owned golf courses in Hillsborough and Pinellas Counties.

35.     Defendant's golf courses are operated as for-profit entities.

36.     As a result of misclassifying golf course starters and rangers, like Plaintiffs, as volunteers, Defendant is able to obtain free labor as Defendant hires "volunteers" to perform the same labor for which private golf courses must pay employees proper wages.

37.     Defendant's actions demonstrate a widespread pattern and practice of avoiding its obligation to pay employees as required by the FLSA and FMWA, thus creating a minimum wage violation for each hour that each volunteer worked.

38.     By failing to pay Plaintiff POOR for the hours he worked for Defendant during the period from on or around October 1, 2014 through on or around March 7, 2020, Defendant failed to pay Plaintiff a minimum wage.

39.     Plaintiff POOR worked approximately 5 hours per week from October 1, 2014 until on or around March 7, 2020 when he resigned, and Plaintiff POOR was not paid a minimum wage during this time period.

40.    On or around August 12, 2020, Plaintiff POOR received written notification from the Wage and Hour Division of the U.S. Department of Labor that based upon its investigation, Defendant owes Plaintiff POOR compensation for his unpaid minimum wages.

41.    By failing to pay Plaintiff RODER for the hours he worked for Defendant during the period from on or around October 1, 2014 through on or around February 28, 2019, Defendant failed to pay Plaintiff a minimum wage.

42.    Plaintiff RODER worked approximately 10 hours per week from on or around October 1, 2014, until on or around February 28, 2019, when he was terminated, and Plaintiff RODER was not paid a minimum wage during this time period.

43.    On or around August 12, 2020, Plaintiff RODER received written notification from the Wage and Hour Division of the U.S. Department of Labor that based upon its investigation, Defendant owes Plaintiff RODER compensation for his unpaid minimum wages.

44.    Defendant also failed to maintain accurate records of Plaintiffs' hours of work.

45.    Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA and the FMWA.

## <u>216(b) COLLECTIVE ACTION ALLEGATIONS</u>

46.     Plaintiffs assert their claim under the FLSA, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on behalf of all other similarly situated employees currently and formerly employed by Defendants.

47.     Pending any modifications necessitated by discovery, the named Plaintiffs preliminarily defines the class as follows:

**<u>FLSA 216(b) Class</u>:**

**All current and former workers of Defendant who were classified as "volunteers" by Defendant and who worked at any of the three golf courses owned and operated by Defendant between February 2018 to the present and were not compensated at least the statutory minimum wage in each week worked.**

48.     All potential 216(b) Class members are similarly situated because, among other things, they are or were all *de facto* employees of Defendants and, upon information and belief, all suffered from the same policies of Defendants, including:

a.      Being "paid" in discounted golf rounds based on the number of hours worked;

b.      Being improperly classified as "volunteers"

c.      Failure to be paid at least statutory minimum wage for each hour of work as mandated by the FLSA.

## CLASS ACTION ALLEGATIONS

49.    Plaintiffs also sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

50.    Plaintiffs bring their Florida Minimum Wage Claim on behalf of all persons who were employed by Defendants at any time since February 2016, to the entry of judgment in this case (the "Class Period"), who were "volunteers" and who have not been paid at least the applicable Florida Minimum Wage for hours/weeks worked, as required, in violation of Article X, Section 24 of the Florida Constitution (the "Class Members").

51.    The persons in the Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are likely 300 members of the Class during the Class Period.

52.    The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

53.     The Defendant acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

54.     Specifically, Defendant failed to pay its "volunteers" the Florida minimum wage as mandated by Article X, Section 24 of the Florida Constitution.

55.     Application of this policy or practice does/did not depend on the personal circumstances of Plaintiffs or those joining this lawsuit.  Rather, the same policy or practice which resulted in the non-payment of minimum wages to Plaintiffs applied and continues to apply to all class members.  Accordingly, the class members are properly defined as:

> **Florida Minimum Wage Class:**
>
> **All of Defendant's current and former workers classified as "volunteers" by Defendant and who worked at any of the three golf courses owned and operated by Defendant at any time during the five (5) years before this Complaint was filed, up to the present, and were not paid Florida's minimum wage for all hours worked.**

56.     Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in employment law and class action litigation.

57.     Plaintiffs have the same interests in this matter as all other members of the class and Plaintiffs' claims are typical of the Class.

58.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a.  whether the Defendant employed the members of the Class within the meaning of Article X, Section 24 of the Florida Constitution;

b.  whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiffs and members of the Class;

c.  what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d.  whether Defendant failed and/or refused to pay the members of the Class at least the Florida Minimum Wage in one of more workweeks;

e.  whether Defendant's failure and/or refusal to pay the members of the Class at least the Florida Minimum Wage was willful, intentional, or done with reckless disregard for the rights of Class members;

f.  whether the Defendant is liable for all damages claimed hereunder, including but not limited to, costs, disbursements and attorney's fees; and, finally,

g.  whether the Defendant should be enjoined from such violations of Article X, Section 24 of the Florida Constitution in the future.

## COUNT I – FLSA MINIMUM WAGE VIOLATION

59.  Plaintiffs reallege and readopts the allegations of paragraphs 1-2, 4-31, and 33-48 of this Complaint, as though fully set forth herein.

60.  During the statutory period, Plaintiffs and Class Members worked for Defendants, and they were not paid the applicable statutory minimum wage for the hours that they worked, as mandated by the FLSA.

61.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

62.  As a result of the foregoing, Plaintiffs and the Class Members have suffered damages.

## COUNT II – FLORIDA MINIMUM WAGE ACT VIOLATION

63.  Plaintiffs reallege and readopts the allegations of Paragraphs 1, 3-13, 22-30, 32-45, and 49-58 of this Complaint, as though fully set forth herein.

64.     Plaintiffs have exhausted all of their and the Class Members administrative and pre-suit requirements under Fla. Stat. § 448.110. Specifically, Plaintiffs have notified Defendant of the deficiency in their wages in writing.  In these written notices, Plaintiffs identified the applicable State minimum wage at issue, provided actual dates and hours or accurate estimates of all of the periods of employment for which minimum wage payment is sought, and listed the total amount of her alleged unpaid wages through the date of the notice.

65.     During the statutory period, Defendant did not pay Plaintiffs and the Class Members the applicable Florida statutory minimum wage, as Defendant was required to do under Section 24, Article X of the Florida Constitution and the FMWA.

66.     As a result of the foregoing, Plaintiffs have suffered damages.

**WHEREFORE**, Plaintiffs demands:

    a.    Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiffs and their counsel to represent the Class;

b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiffs and their counsel to represent the Collective Action members;

c. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

d. All unpaid wages at the FLSA mandated minimum wage rate;

e. All unpaid wage at the Florida mandated minimum wage rate;

f. An equal amount of all owed wages and misappropriated funds as liquidated damages as allowed under the FLSA;

g. An equal amount of all owed wages as liquidated damages as allowed under Article X, Section 24 of the Florida Constitution;

h. Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

i. Such other relief to which Plaintiffs and Class Members may be entitled, at law or in equity.

## <u>JURY TRIAL DEMAND</u>

Plaintiffs demand trial by jury as to all issues so triable.

Dated this 10th day of February, 2021.

Respectfully submitted,

_____
**CHRISTOPHER J. SABA**
Florida Bar Number: 0092016
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-321-4086
Facsimile: 813-229-8712
Email: csaba@wfclaw.com
Email: tsoriano@wfclaw.com
**Attorneys for Plaintiffs**