UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEARNS POOR and
PHILLIP RODER,

    Plaintiffs,

vs.                      Case No. 8:21-CV-00317-CEH-TGW

TAMPA SPORTS AUTHORITY,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant, TAMPA SPORTS AUTHORITY ("Defendant" or "TSA"), hereby responds to the First Amended Class Action Complaint and Demand for Jury Trial (Dkt. No. 13; FAC) filed by Plaintiffs. Defendant reserves the right to supplement or amend its responses as its investigation is ongoing. Defendant asserts its Answer and Defenses, paragraph by paragraph, to the allegations set forth in the Plaintiffs' FAC as follows:

## NATURE OF THE LAWSUIT

1. Defendant admits that Plaintiffs purport to bring this action as a class action for alleged violations of the FLSA, the Florida Constitution, Article X, Section 24, and FMWA, but denies that Plaintiffs have stated, or can state, a cause of action under those statutes. Defendant additionally denies that this action should be

permitted to proceed as a class or collective action. Answering further, Defendant denies any allegation of wrongdoing that is pled, implied in, or may be inferred from paragraph 1 of the FAC.

2. Defendant admits that Plaintiffs purport to bring this action as a collective action, but denies that Plaintiffs have stated, or can state, a such a cause of action. Defendant additionally denies that this action should be permitted to proceed as a collective action. Answering further, Defendant denies the remaining allegations contained in paragraph 2 of the FAC.

3. Defendant admits that Plaintiffs purport to bring this action as a class action, but denies that Plaintiffs have stated, or can state, a such a cause of action. Defendant additionally denies that this action should be permitted to proceed as a class action. Answering further, Defendant denies the remaining allegations contained in paragraph 3 of the FAC.

## JURISDICTION AND VENUE

4. Defendant admits that this Court has subject matter jurisdiction over this action. Defendant denies, however, that Plaintiffs have stated, or can state, a cause of action under the FLSA, the Florida Constitution, Article X, Section 24, and FMWA.

5. Paragraph 5 of the FAC constitutes a legal conclusion to which no response is required. To the extent any response is required, Defendant denies the allegations contained in paragraph 5 of the FAC.

6. Defendant admits that this Court has subject matter jurisdiction over this action. Defendant denies, however, that Plaintiffs have stated, or can state, a cause of action under the FMWA.

7. Defendant admits that venue is proper in this Court. Defendant denies any allegation of wrongdoing which is pled, implied in, or may be inferred from, paragraph 7 of the FAC.

**PARTIES**

8. Defendant is without knowledge as to Plaintiff Poor's residence or Plaintiffs' intended meaning of the phrase "the relevant time period" and therefore denies the allegations contained in paragraph 8 of the FAC.

9. Defendant is without knowledge as to Plaintiff Roder's residence or Plaintiffs' intended meaning of the phrase "the relevant time period" and therefore denies the allegations contained in paragraph 9 of the FAC.

10. Defendant admits the allegations in paragraph 10 of the FAC for jurisdictional purposes only.

11. Defendant denies the allegations contained in paragraph 11 of the FAC.

12. Defendant denies the allegations contained in paragraph 12 of the FAC.

13. Defendant is without knowledge as to Plaintiff's intended meaning of the phrases "[t]he Class Members" and "the applicable limitations period" as they are used in paragraph 13 of the FAC and therefore denies the allegations contained therein. Answering further, Defendant further denies that that this action should be permitted to proceed as a class or collective action.

## FLSA COVERAGE

14. Paragraph 14 of the FAC is a conclusion of law to which no response is required. To the extent any response is required, Defendant denies the allegations contained in paragraph 14 of the FAC.

15. Defendant is without knowledge as to Plaintiffs' intended meaning of the phrases "[a]t all times material hereto[,]" "all similarly situtated individuals[,]" and "at all times relevant to this Complaint." Accordingly, Defendant denies the allegations contained in paragraph 15 of the FAC.

16. Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "[a]t all times material hereto" in paragraph 16 of the FAC and therefore denies the allegations contained in that paragraph.

17. Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "[a]t all times material hereto" in paragraph 17 of the FAC and therefore denies the allegations contained in that paragraph.

18. Paragraph 18 of the FAC calls for a legal conclusion to which no response is required. To the extent any response is required, the allegations in paragraph 18 contain no temporal designation or limitation, and thus, fail to provide Defendant with sufficient information so that Defendant can form a belief about the truth of the allegations contained in this paragraph. Accordingly, Defendant denies the allegations contained in paragraph 18 of the FAC.

19. Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "[a]t all times material hereto" in paragraph 19 of the FAC and therefore denies the allegations contained in that paragraph.

20. Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "[a]t all times material hereto" in paragraph 20 of the FAC and therefore denies the allegations contained in that paragraph.

21. Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "[a]t all times material hereto" in paragraph 21 of the FAC and therefore denies the allegations contained in that paragraph.

22. Defendant is without knowledge as to the allegations contained in paragraph 22 of the FAC and therefore denies the same.

23. Defendant is without knowledge as to Plaintiffs' agreement with their attorneys and therefore denies the allegations contained in paragraph 23 of the FAC.

24. Defendant makes no response to Plaintiffs' demand for a jury trial because no response is required.

## **FACTS**

25. Defendant admits only that Plaintiff Poor volunteered for Defendant. Answering further, Defendant denies the remaining allegations contained in paragraph 25 of the FAC.

26. Defendant admits only that Plaintiff Roder volunteered for Defendant. Answering further, Defendant denies the remaining allegations contained in paragraph 26 of the FAC.

27. Defendant admits only that Plaintiffs volunteered for Defendant at the Babe Zaharias Golf Course. Answering further, Defendant denies the remaining allegations contained in paragraph 27 of the FAC.

28. Defendant denies the allegations contained in paragraph 28 of the FAC.

29. Defendant denies the allegations contained in paragraph 29 of the FAC.

30. Defendant denies the allegations contained in paragraph 30 of the FAC.

31. Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "[a]t all times material hereto" in paragraph 31 of the FAC and therefore denies the allegations contained in that paragraph.

32. Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "[a]t all times material hereto" in paragraph 32 of the FAC and therefore denies the allegations contained in that paragraph.

33. Defendant denies the allegations contained in paragraph 33 of the FAC.

34. Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "commercial enterprises" in paragraph 34 of the FAC and therefore denies the allegations contained in that paragraph. Answering further, Defendant denies any allegations of wrongdoing which may be pled or implied from the allegations contained in paragraph 34 of the FAC.

35. Defendant denies the allegations contained in paragraph 35 of the FAC.

36. Defendant denies the allegations contained in paragraph 36 of the FAC.

37. Defendant denies the allegations contained in paragraph 37 of the FAC.

38. Defendant denies the allegations contained in paragraph 38 of the FAC.

39. Defendant denies the allegations contained in paragraph 39 of the FAC.

40. Defendant is without knowledge as to the allegations contained in paragraph 40 of the FAC and therefore denies the same. Answering further, Defendant denies any allegations of wrongdoing which is pled, implied in, or may be inferred from, paragraph 40 of the FAC.

41. Defendant denies the allegations contained in paragraph 41 of the FAC.

42. Defendant denies the allegations contained in paragraph 42 of the FAC.

43. Defendant is without knowledge as to the allegations contained in paragraph 43 of the FAC and therefore denies the same. Answering further, Defendant denies any allegations of wrongdoing which may be pled or implied from the allegations contained in paragraph 43 of the FAC.

44. Defendant denies the allegations contained in paragraph 44 of the FAC.

45. Defendant denies the allegations contained in paragraph 45 of the FAC.

## 216(B) COLLECTIVE ACTION ALLEGATIONS

46. Defendant admits that Plaintiffs purport to bring this action as a collective action, but denies that this action should be permitted to proceed as a collective action. Answering further, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "all similarly situated individuals" and therefore denies the remaining allegations contained in paragraph 46 of the FAC.

47. Defendant admits that Plaintiffs purport to bring this action as a collective action, but denies that this action should be permitted to proceed as a collective action. Defendant denies that Plaintiffs have adequately or properly defined

the class, or that Plaintiffs have identified a group of similarly situated employees. Answering further, Defendant denies the remaining allegations contained in paragraph 47 of the FAC.

48. Defendant denies the allegations contained in paragraph 48 of the FAC, including all subparagraphs.

## CLASS ACTION ALLEGATIONS

49. Defendant admits that Plaintiffs purport to bring this action as a class action, but Defendant denies it is suitable for class action treatment. Answering further, Defendant denies the remaining allegations contained in paragraph 49 of the FAC.

50. Defendant admits that Plaintiffs purport to bring this action as a class action, but denies that this action should be permitted to proceed as a class action. Answering further, Defendant denies the remaining allegations contained in paragraph 50 of the FAC.

51. Defendant denies the allegations contained in paragraph 51 of the FAC.

52. Defendant denies the allegations contained in paragraph 52 of the FAC.

53. Defendant denies the allegations contained in paragraph 53 of the FAC.

54. Defendant denies the allegations contained in paragraph 54 of the FAC.

55. Defendant admits that Plaintiffs purport to bring this action as a class action, but denies that this action should be permitted to proceed as a class action. Defendant denies that Plaintiffs have adequately or properly defined the class, or that

Plaintiffs have identified a group of similarly situated employees. Answering further, Defendant denies the remaining allegations contained in paragraph 55 of the FAC.

56. Defendant is without knowledge as to the allegations contained in paragraph 56 of the FAC and therefore denies the same.

57. Defendant denies the allegations contained in paragraph 57 of the FAC.

58. Defendant denies the allegations contained in paragraph 58 of the FAC, including all subparagraphs.

## COUNT I – FLSA MINIMUM WAGE VIOLATION

59. In response to the allegations contained in paragraph 59 of the FAC, Defendant repeats the responses to paragraphs 1–2, 4–31, and 33–48 of the FAC.

60. Defendants are without knowledge as to Plaintiffs' intended meaning of the phrase "the Class Members" in paragraph 60 of the FAC and therefore denies the same. Answering further, Defendant denies the remaining allegations contained in paragraph 60 of the FAC.

61. Defendant denies the allegations contained in paragraph 61 of the FAC.

62. Defendants are without knowledge as to Plaintiffs' intended meaning of the phrase "the Class Members" in paragraph 62 of the FAC and therefore denies the same. Answering further, Defendant denies the remaining allegations contained in paragraph 62 of the FAC.

## COUNT II – FLORIDA MINIMUM WAGE ACT VIOLATION

63. In response to the allegations contained in paragraph 63 of the FAC, Defendant repeats the responses to paragraphs 1, 3–13, 22–30, 32–45, and 49–58 of the FAC.

64. The written notices referenced in paragraph 64 speak for themselves and no response is required. Defendants are without knowledge as to Plaintiffs' intended meaning of the phrase "the Class Members" in paragraph 64 of the FAC. To the extent any response is required, Defendant denies the allegations contained in paragraph 64 of the FAC.

65. Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "the Class Members" in paragraph 65 of the FAC and therefore denies the same. Answering further, Defendant denies the remaining allegations contained in paragraph 65 of the FAC.

66. Defendant denies the allegations contained in paragraph 66 of the FAC. Answering further, Defendant denies that Plaintiffs are entitled to or can seek any of the relief sought in the unnumbered "wherefore" paragraph that follows paragraph 66 of the FAC. Defendant further denies that Plaintiffs are entitled to any damages or any other relief from Defendant, and denies any allegations of wrongdoing that is pled, implied in, or may be inferred from the unnumbered paragraph that follows paragraph 66 of the FAC.

## JURY TRIAL DEMAND

Defendant makes no response to Plaintiffs' demand for a jury trial because no response is required.

## DEFENSES

Defendant alleges the following defenses and reserves the right to plead additional defenses as may be revealed during the course of discovery. Defendant denies all allegations in the FAC that have not been specifically admitted.

## FIRST DEFENSE

Plaintiffs (and the putative class members) have failed to state a claim upon which relief can be granted under any theory. In particular, as a matter of law, the FAC does not contain sufficient allegations of ultimate fact, as opposed to conclusory allegations, to state claims of under the FLSA, the Florida Constitution, Article X, Section 24, and FMWA. In particular, Plaintiffs were not employees of Defendant under the FLSA, the Florida Constitution, Article X, Section 24, and FMWA.

## SECOND DEFENSE

Plaintiffs are not entitled to conditional or final certification or to Court-facilitated notice under 29 U.S.C. § 216(b) because Plaintiffs have not identified, and cannot adequately identify, a group of similarly situated employees.

## THIRD DEFENSE

Plaintiffs are not entitled to certification under 29 U.S.C. § 216(b) because the putative class, as defined by the FAC, is overly broad and unmanageable.

## FOURTH DEFENSE

Plaintiffs are not entitled to certification under 29 U.S.C. § 216(b) because Plaintiffs cannot adequately represent the interests of the putative class members.

## FIFTH DEFENSE

Plaintiffs' attempt to pursue this case as a collective action fails because an independent and individual analysis of Plaintiffs' claims and the claims of each potential opt- in and each of Defendant's defenses is required.

## SIXTH DEFENSE

To the extent that Plaintiffs' claims (and the claims of the putative class members) are barred by the applicable statute of limitations, they are not entitled to relief.

## SEVENTH DEFENSE

Defendant acted in good faith or with reasonable grounds for believing that its actions did not violate any laws. All payments made or not made to Plaintiffs (and the putative class members) by Defendant were based on Defendant's good-faith belief in their legality. Specifically, with respect to some or all of the claims brought by Plaintiffs (and the putative class members), Defendant affirmatively pleads, pursuant to 29 U.S.C. § 259, that any act(s) and/or omission(s) which may now be found to be in violation of the rights afforded by the FLSA were not willful, but occurred in good faith, and any such act(s) or omission(s) were taken in conformity with and in reliance on the statute, a written administrative regulation, order, ruling, approval and/or

interpretation of the Administrator of the Wage and Hour Division of the Department of Labor, and/or an administrative practice or enforcement policy of the Administrator of the Wage and Hour Division of the Department of Labor with respect to the class of employers to which Defendant belongs.

**EIGHTH DEFENSE**

Plaintiffs (and the putative class members) may not recover liquidated damages because (1) Defendant and all associated officers, directors, managers, or agents acted at all times in good faith and did not commit any willful violation of the FLSA, the Florida Constitution, Article X, Section 24, or the FMWA, based on the reasonable belief of the legality of those actions under the FMWA, the FLSA, regulations promulgated pursuant to that Act, guidance published by the Department of Labor, Wage-Hour Division, and Article X, § 24, of the Florida Constitution; (2) Defendant (including all associated officers, directors, managers, and agents) did not authorize or ratify any willful violation with respect to Plaintiffs; and (3) Plaintiffs have failed to plead facts sufficient to support recovery of such damages. Accordingly, Defendant's liability is limited by 29 U.S.C. § 260 and § 448.110, Fla. Stat.

**NINTH DEFENSE**

Defendant states that all of its actions were taken without a reckless or other disregard for the rights of Plaintiffs (and the putative class members). Specifically, Defendant complied with the requirements for volunteers under the FMWA, FLSA, regulations promulgated pursuant to that Act and guidance published by the

Department of Labor, Wage-Hour Division, and Article X, § 24, of the Florida Constitution.

## TENTH DEFENSE

To the extent that Defendant was obligated to and failed to pay compensation due to Plaintiffs (or the putative class members), Defendant is entitled to a set-off for any benefit or nominal fee provided to Plaintiffs (or the putative class members). Defendant provided golf vouchers to Plaintiffs as a benefit for volunteer activities, and the reasonable value of the vouchers should be deducted from any amount of back wages allegedly owed to Plaintiffs.

## ELEVENTH DEFENSE

To the extent any alleged failure to pay Plaintiffs (or the putative class members) compensation resulted from fraudulent conduct of Plaintiffs (or the putative class members) or misrepresentations or omissions by Plaintiffs (or the putative class members), the claims of Plaintiffs (or the putative class members) are barred by the doctrines of estoppel and/or waiver.

Respectfully submitted,

*s/ Benjamin W. Bard*
BENJAMIN W. BARD
*Lead Counsel*
Florida Bar No. 95514
benjamin.bard@gray-robinson.com
JULIA C. MANDELL
Florida Bar No. 81442
julia.mandell@gray-robinson.com
KEVIN M. SULLIVAN
Florida Bar No. 1003812

[kevin.sullivan@gray-robinson.com](mailto:kevin.sullivan@gray-robinson.com)
GRAYROBINSON, P.A.
401 East Jackson Street, Suite 2700
Post Office Box 3324 (33601-3324)
Tampa, Florida, 33602
Tel: (813) 273-5000
Fax: (813) 273-5145
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this <u>24th</u> day of March, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Christopher J. Saba, Attorney for Plaintiffs.

*s/ Benjamin W. Bard*
Attorney
