UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**STEARNS POOR and**
**PHILLIP RODER,**

      Plaintiffs,

vs.                                 Case No. 8:21-CV-00317-CEH-TGW

**TAMPA SPORTS AUTHORITY,**

      Defendant.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT

      Defendant, TAMPA SPORTS AUTHORITY, and Plaintiffs, STEARNS POOR and PHILLIP RODER, by and through their undersigned counsel, respectfully request that the Court approve the settlement between Plaintiffs, individuals who filed notices of consent to join this action, and Defendant, which represents a fair and reasonable resolution of a bona fide dispute over the provisions of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201–219, and dismiss this case with prejudice. The grounds for this motion are set forth more fully in the following memorandum of law.

## MEMORANDUM OF LAW

**I.**     **Background Facts**

      On February 10, 2021, Plaintiff filed a two-count Complaint in this Court, alleging overtime violations of the Fair Labor Standards Act ("FLSA") and the Florida

Minimum Wage Act (§448.110, Fla. Stat.). (Dkt. No. 1). The Complaint sought unpaid wages, liquidated damages, attorney's fees and costs, as well as declaratory relief for Defendant's alleged violation of the FLSA. (Id.). Plaintiffs allege that they worked for Defendant as golf course volunteers for the TSA since 2014. Plaintiffs allege that they were employees, rather than volunteers, and therefore not exempt from minimum wage requirements. (Id. ¶¶ 25–45). Defendant timely filed an Answer and Defenses to Plaintiffs' Complaint on March 24, 2021.

Prior to and after Plaintiffs filing the Complaint, the parties engaged in settlement discussions regarding Plaintiffs' claims. The parties participated in early mediation on April 29, 2021. Based on the information gathered during those settlement discussions and through the parties' separate investigations, the parties disagree on Plaintiffs' entitlement to minimum wages, whether Plaintiffs sustained any damages and, if so, the extent of the purported damages. After negotiating at arm's length over the course of several weeks, the parties finally reached an agreement on terms to resolve this matter. Through continued negotiations between counsel for Plaintiffs and counsel for Defendant, the parties ultimately finalized and reached full agreement on all of the terms of this settlement. A copy of the parties' Settlement Agreement ("Settlement Agreement") is attached hereto as Exhibit A.

The Settlement Agreement provides, *inter alia*, that Plaintiff Stearns Poor be paid $6,000.00, paid as back wages, and Plaintiff Phillip Roder be paid $8,500.00, paid as back wages, as well as payment of $27,500.00 to Plaintiffs' counsel as attorney's fees. Based on Plaintiffs' counsel's investigation and review of records provided by

Defendant, Plaintiffs contend that Plaintiff Stearns Poor is entitled to $8,727.55 in minimum wage compensation and that Plaintiff Phillip Roder is entitled to $10,369.84 in minimum wage compensation, as well as an equal amount of liquidated damages. Defendants deny that Plaintiffs are entitled to that amount. Specifically, Defendants deny that Plaintiffs are entitled to any compensation, as they were volunteers, not employees. The Settlement Agreement between the parties reflects the risks and uncertainty associated with litigation. The Settlement Agreement contains every term and condition agreed to between the parties, including attorney's fees and costs. The Settlement Agreement does not contain a confidentiality provision or a non-disparagement clause. This settlement has been reached after considerable discussion, analysis, consideration, and negotiation by the parties and their counsel. The attorney's fees and costs that the parties agreed upon for Plaintiffs' counsel, were negotiated separately from the settlement sums being paid to Plaintiffs.

**II.    Motion to Approve the Settlement**

Section 16(b) of the FLSA permits employees to settle and release FLSA claims against an employer if the parties present the trial court with a proposed settlement and the trial court enters an order approving the fairness of the settlement. Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350, 1354-55 (11th Cir. 1982); see also Silva v. Miller, 307 F. App'x 349, 351-52 (11th Cir. 2009); Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1226 (M.D. Fla. 2009). The purpose of the evaluation is to ensure that the compromise is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, 679 F.2d at 1354-55;

Bonetti, 715 F. Supp. 2d at 1226.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Lynn's Food Stores, 679 F.2d at 1354; see also Bonetti, 715 F. Supp. 2d at 1226.

In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

> (1) the existence of fraud or collusion behind the settlement: (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).

Pessoa v. Countrywide Home Loans, Inc., 6:06-cv-1419-Orl-JGG, 2007 WL 1017577, at **2-3 (M.D. Fla. Apr. 2, 2007); Hamilton v. Frito-Lay, Inc., 6:05-cv-592-ORL-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007); see also Hill v. Florida Indus. Elec., Inc., 6:06-cv-915-ORL-31JGG, 2007 WL 486615, at *3 (M.D. Fla. Feb. 9, 2007); Pacheco v. JHM Enterprises, Inc., et al., No. 6:05-cv-1247-Orl-JGG, 2006 WL 948058, at *4 (M.D. Fla. Apr. 12, 2006).  There is a "strong presumption" in favor of finding a settlement fair.  See Hamilton, 2007 WL 328792, at *2; see also Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977).  Indeed, at least one judge has found that "[i]f the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable [and] [r]arely will the Court be in a position to competently declare that such a settlement is 'unreasonable.'" Bonetti, 715 F. Supp. 2d at 1227.

In this case, as evidenced by the foregoing recitation of the procedural history and background facts, the proposed settlement of this action is a fair and reasonable resolution of a bona fide dispute. First, there is a legitimate controversy between the parties. Plaintiffs believe that the claims, allegations, and contentions asserted in the Complaint have merit. Defendant, however, denies Plaintiffs' allegations and does not admit it engaged in any wrongdoing. Nonetheless, as the parties and their counsel recognize the expense, disruption, risk, uncertainty, and difficulties inherent in litigation, they have decided to resolve this matter in recognition that "a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'" Pessoa, 2007 WL 1017577, at *3.

Additionally, throughout this litigation, Plaintiffs have been represented by counsel. Plaintiffs' counsel has an obligation to vigorously represent his clients' rights, and he did so in this case. There is no evidence of fraud or collusion. Indeed, Plaintiffs and their counsel believe that the consideration provided under the agreement fairly and adequately compensates Plaintiffs for their claim of alleged unpaid wages and other relief sought in the Complaint. Furthermore, Plaintiffs knowingly, voluntarily, and intelligently entered into this settlement, which was reached only after considerable and extensive discussion, analysis, consideration, and negotiation by Plaintiffs, Defendant, and their respective counsel. Before deciding to enter into this settlement, the parties and their counsel, discussed the alleged wages owed, the nature of Plaintiffs' relationship with Defendant, and the risks and uncertainty associated with litigation. The parties then engaged in settlement discussions based upon their

independent calculations and analysis and their respective positions on whether Plaintiffs were employees of Defendant for purposes of the FLSA, as well as whether Plaintiffs are owed any wages. At the conclusion of those discussions, the parties ultimately reached an agreement as to all claims brought by Plaintiffs.

If the Court does not approve this settlement, both parties would be forced to engage in complex, costly, and protracted litigation in order to meet their respective burdens in this case. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs. Thus, for all of the foregoing reasons, this settlement is a fair and reasonable resolution of a bona fide dispute over the terms of the FLSA. See Pessoa, 2007 WL 1017577, at *4. Accordingly, the parties respectfully request that the Court approve this settlement as it relates to Plaintiffs' wage claims under the FLSA, which gives it final and binding effect, and dismiss this case with prejudice.

### III. Conclusion

WHEREFORE, the parties jointly request that the Court approve the settlement of the parties as it relates to the FLSA, which represents a fair and reasonable resolution of a bona fide dispute over the provisions of the FLSA, and dismiss this action with prejudice.

Dated this 25th day of February, 2022.

Respectfully submitted,

| | |
|---|---|
| */s/ Christopher J. Saba* <br> CHRISTOPHER J. SABA <br> Florida Bar Number: 0092016 | s/ *Benjamin W. Bard* <br> BENJAMIN W. BARD <br> *Lead Counsel* |

| | |
|---|---|
| WENZEL FENTON CABASSA, P.A. | Florida Bar No. 95514 |
| 1110 North Florida Avenue, Suite 300 | benjamin.bard@gray-robinson.com |
| Tampa, Florida 33602 | JULIA C. MANDELL |
| Main Number: 813-224-0431 | Florida Bar No. 81442 |
| Direct Dial: 813-321-4086 | julia.mandell@gray-robinson.com |
| Facsimile: 813-229-8712 | KEVIN M. SULLIVAN |
| Email: csaba@wfclaw.com | Florida Bar No. 1003812 |
| Email: tsoriano@wfclaw.com | kevin.sullivan@gray-robinson.com |
| Attorneys for Plaintiffs | GRAYROBINSON, P.A. |
| | 401 East Jackson Street, Suite 2700 |
| | Post Office Box 3324 (33601-3324) |
| | Tampa, Florida, 33602 |
| | Tel:  (813) 273-5000 |
| | Fax:  (813) 273-5145 |
| | Attorneys for Defendant |